# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MAYRA SANCHEZ, an individual; and JASON GARCIA, an individual, | No. 86264-2-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| STANLEY HANSON II and JANE DOE HANSON, individually and their marital community, | |
| Defendants | |
| ALLSTATE INSURANCE COMPANY, intervenor, | |
| Respondent. | |

BIRK, J. — Mayra Sanchez and Jason Garcia were injured in a motor vehicle collision. After they filed a lawsuit in court and their underinsured motorist (UIM) carrier, Allstate Insurance Company, intervened, they agreed with the tortfeasor to arbitrate their claims. They appeal a superior court order denying their motion to compel Allstate to pay a portion of the arbitrator's fee. We affirm.

On December 10, 2021, Sanchez and Garcia filed this action in superior court against Stanley Hanson II and his marital community. They alleged Sanchez was occupying and Garcia was driving[1] a vehicle when Hanson negligently drove

---

[1] The arbitrator's award later stated that Sanchez was the driver and Garcia was the passenger.

his vehicle into theirs. Sanchez and Garcia prayed for damages for personal injury. Hanson denied Sanchez's and Garcia's allegations.

On August 26, 2022, Allstate moved to intervene in the action. Allstate asserted that "Plaintiff"—it appears Garcia—was a "permissive driver who was covered by an insurance policy" issued by Allstate that provided UIM coverage. Allstate stated it was "on notice" that "Plaintiff's bodily injury claims may exceed the applicable policy limits," and sought to intervene as a party, acknowledging it would be bound by any judgment if it did not. Plaintiffs' counsel filed a response stating they did not object to Allstate's motion. The superior court granted Allstate's motion to intervene.

On September 22, 2022, plaintiffs' counsel sent Allstate a letter citing Hamilton v. Farmers Insurance Co. of Washington, 107 Wn.2d 721, 734, 733 P.2d 213 (1987). The letter offered Allstate "the opportunity to 'buy out' " Sanchez's and Garcia's claims against Hanson in exchange for $50,000, equaling Hanson's liability insurance limits of $25,000 per person and $50,000 per collision. The letter stated if Allstate declined the offer, plaintiffs' counsel "will proceed to pursue a settlement which may include giving a full release to the defendant." The letter did not indicate that Hanson had offered any settlement to Sanchez and Garcia. That day, Allstate replied, "[Y]ou may proceed with settlement and we will not seek a buyout."

On October 6, 2022, Sanchez, Garcia, and Hanson agreed to arbitrate "all damage claims asserted by plaintiff against all defendants." They agreed the lawsuit would be stayed, the arbitration would "resolve all issues regarding liability

2

and damages," and the arbitrator's decision would be final. They agreed "the arbitrator's fees will be divided evenly by the parties who participate in this arbitration on a pro rata basis."

On October 26, 2022, Allstate, through counsel, responded further to the Hamilton letter, stating that because Hanson's insurer had not tendered Hanson's liability insurance limits and Allstate believed they had not been demanded, Allstate declined to substitute a payment under Hamilton. Allstate's counsel's letter requested any proposals for private arbitration as well as any agreements between the plaintiffs and "the underlying tortfeasor."

On January 12, 2023, plaintiffs' counsel wrote Allstate's counsel, indicating "our firm" and Hanson had agreed to resolve the lawsuit through binding arbitration. Plaintiffs' counsel stated Allstate was "invited to participate and intervene in this binding arbitration." Allstate objected to arbitration.

On January 17, 2023, Sanchez, Garcia, and Hanson moved to stay proceedings. Sanchez, Garcia, and Hanson stated they had agreed to arbitrate Sanchez's and Garcia's claims against Hanson, and filed the terms of their agreement.[2] They sought the stay on that basis.

On January 27, 2023, Allstate filed a response opposing a stay. Allstate asked the superior court to deny the motion to stay, or alternatively, order that

---

[2] As of June 16, 2023, Allstate maintained that it had been given only a "portion" of the arbitration agreement, and had not been informed of other agreements between the other parties that they deemed "confidential." The superior court conducted an *in camera* review of "the confidential designated pages" of the parties' agreement and found that their confidentiality designation was reasonable, the material was not "relevant" for purposes of discovery under CR 26, and that nothing in the document had "any factual bearing to this matter."

Allstate would "not be bound by any outcome of private arbitration it did not consent to." Allstate indicated it had filed a jury demand, and asserted its right to a jury trial under article I, section 21 of the Washington constitution. Allstate also argued that if the motion to stay was granted, its ability to obtain discovery would be impeded by "the more stringent arbitration rules."

On January 30, 2023, the superior court entered an order granting the motion to stay as to "Plaintiff and Defendant only," and ordered the proceedings were "not stayed as to Intervenor Allstate as [it] did not agree to the stipulation." The superior court further ordered, "Allstate is not bound by any outcome of private arbitration among Plaintiffs and Defendant." On February 10, 2023, the plaintiffs filed a reply indicating that Allstate's response to the motion to stay had been untimely and otherwise replying to Allstate's arguments. On February 22, 2023, the superior court entered an amended order. Based on Allstate's unexcused failure to comply with the local rules, the superior court ordered its January 30 order stricken and granted the motion to stay in its entirety. On March 2, 2023, Allstate moved for reconsideration, asserting among other things its counsel had inadvertently neglected to calendar the response date for the motion to stay. The clerk's papers transmitted to this court do not include an order on Allstate's motion for reconsideration.

On April 6, 2023, Allstate's counsel e-mailed the parties asking to postpone the then scheduled arbitration date to permit time to subpoena additional documents. Plaintiffs' counsel responded that "if Allstate wants to request a continuance of the arbitration hearing, it must be a participant in the arbitration

4

hearing," and asked, "Is Allstate participating in the arbitration hearing?" Allstate responded that it objected to arbitration, was not bound by the arbitration, was not party to any agreement to arbitrate, and demanded a jury trial. However, Allstate also said if an arbitration occurred, "Allstate plans to present at the arbitration." It indicated that if plaintiffs objected to its presenting evidence at the arbitration, it would ask the superior court to lift the stay or not apply it to Allstate. Allstate stated it believed "Plaintiffs" were not complying with their obligations as set forth in the insurance policy.[3]

The arbitrator dated an award on September 5, 2023. It was addressed to plaintiffs' counsel, Hanson's counsel, and Allstate's counsel. The award indicated "[b]oth Defendants" disputed the extent of Garcia's injuries. The award did not discuss a claim by Sanchez, and analyzed only Garcia's claim. The arbitrator awarded damages to Garcia in the amount of $33,735.55. On September 7, 2023, the arbitrator e-mailed the arbitration decision to the parties and asked if a cost bill was submitted. In response, plaintiffs' counsel submitted one, and Allstate replied, "Allstate was not a party to the binding arbitration agreement" and objected to the payment of any costs.

Between September 26 and 27, 2023, Allstate's and plaintiffs' counsel appeared to negotiate a final resolution of Garcia's claim in light of the arbitrator's award. Allstate argued that because it had previously paid $10,000 in insurance benefits to Garcia, the arbitrator's award did not exceed the total insurance

---

[3] The Allstate insurance policy affording UIM benefits, and accordingly the parties' respective contractual rights and obligations, are not contained in the record before this court.

5

available from those benefits and Hanson's available insurance of $25,000, such that no additional moneys were owed from the UIM coverage. Plaintiffs' counsel represented they had charged Garcia $24,402.11 in attorney fees and costs to obtain the recovery, and the parties agreed that based on Garcia's recovery of the $10,000 Allstate had paid, Allstate would bear $7,233.35 of the attorney fees and costs under Winters v. State Farm Mutual Automobile Insurance Co., 144 Wn.2d 869, 878, 31 P.3d 1164, 63 P.3d 764 (2001). Garcia proposed that Allstate forgo recovery of its subrogation interest against the recovery and pay the Winters calculation to Garcia, and Allstate agreed.

By letter dated October 26, 2023, Allstate's counsel tendered a check for $7,233.35 to plaintiffs' counsel. The letter stated plaintiffs' counsel was authorized to negotiate the check "only after returning to us the properly executed Stipulation for and Order of Dismissal." On November 2, 2023, the check was negotiated with an endorsement by plaintiffs' counsel.

On November 13, 2023, the arbitrator issued an invoice addressed to counsel, including Allstate's. The next day, Allstate's counsel responded that "responsibility for payment" is with plaintiffs' counsel and another office. Plaintiffs' counsel replied, asserting that because the arbitration agreement between Sanchez, Garcia, and Hanson provided that the arbitrator's fees were to be divided by the parties who participate in the arbitration, and Allstate participated in the arbitration, it therefore owed a share of the arbitrator's fees. Allstate's counsel responded, arguing it was not a party to the contract and was not bound by its provisions. Plaintiffs' counsel replied, arguing Allstate consented to the contract

terms by participating and was unjustly enriched because it received the benefit of the arbitration.

On December 1, 2023, Sanchez and Garcia moved to compel Allstate to "pay its fair share of the arbitrator's fees." They reiterated the arguments previously made to Allstate. Allstate opposed the motion. Allstate also sought enforcement of settlement between it and Garcia by entry of an order of dismissal with prejudice and without fees or costs.

On December 14, 2023, the superior court denied the motion to compel Allstate to pay a portion of the arbitrator's fees, ruling that Allstate was not a signatory to the contract and that unjust enrichment was not available on the presented facts.[4] On December 21, 2023, the superior court entered an order granting Allstate's cross-motion to enforce settlement and dismissing the action. Sanchez and Garcia timely appealed the superior court's order denying their motion to compel Allstate to pay a portion of the arbitrator's fees.

Sanchez and Garcia's first theory of recovery[5] is that Allstate was bound to pay a portion of the arbitrator's fees on the ground it expressly agreed to do so by

---

[4] The superior court also observed the parties had engaged in "lengthy and contentious litigation compounded with failures to comply with the court rules" that "likely increased the contentiousness of these proceedings." The superior court concluded the parties "failed to sufficiently communicate expectations and requirements of participation to a non-signatory to the contract" and that the resulting "lack of clarity" was "entirely preventable had parties engaged in any meaningful communication when Allstate decided it would participate in the arbitration," and that fault lay with all. As reflected by the superior court's rebuke, the record was populated by the parties with language more colorful than we have chosen to relate in our opinion. The superior court noted criticism was not directed toward Hanson and his counsel.

[5] Sanchez and Garcia fail to present assignments of error in their brief, violating RAP 10.3. Headworks Hand Crafted Ales, Inc. v. Wash. State Liquor &

contract. Sanchez and Garcia assert that Allstate became bound to pay a portion of the arbitrator's fees when it participated in the arbitration with knowledge of their contractual agreement with Hanson that the arbitrator's fees will be divided evenly by the parties who participate. Sanchez and Garcia ask this court to review this question de novo, as a question of law of contract interpretation. Even assuming de novo review applies,[6] we agree with the superior court that the record is insufficient to indicate that Allstate agreed by contract to pay a portion of the arbitrator's fees.

"The acceptance of an offer is always required to be identical with the offer, or there is no meeting of the minds and no contract." Blue Mountain Constr. Co. v. Grant County Sch. Dist. No. 150–204, 49 Wn.2d 685, 688, 306 P.2d 209 (1957). Allstate consistently did not agree to be bound by the arbitration as Sanchez, Garcia, and Hanson had agreed in the arbitration agreement. Allstate made this clear no later than its April 6, 2023 e-mail exchange with plaintiffs' counsel, in which it stated that even though it planned to present at any arbitration that occurred, it was not bound, had not agreed to arbitration, was entitled to a jury trial, and any objection by Sanchez and Garcia to its participation on these terms would potentially violate their contractual obligations and lead it to return to court to seek

Cannabis Bd., 29 Wn. App. 2d 460, 467, 540 P.3d 863, review denied sub nom. Headworks Brewing v. Wash. State Liquor & Cannabis Bd., 2 Wn.3d 1036, 547 P.3d 901 (2024). Because the nature of their appellate arguments are nevertheless sufficiently clear to the court and to Allstate, we exercise our discretion to reach the merits notwithstanding this procedural defect. Id. at 467-68.

[6] "Normally, the existence of mutual assent or a meeting of the minds is a question of fact." Sea-Van Invs. Assocs. v. Hamilton, 125 Wn.2d 120, 126, 881 P.2d 1035 (1994).

8

to have the stay lifted.  Quoting <u>Sea-Van Investments Associates v. Hamilton</u>, 125 Wn.2d 120, 126, 881 P.2d 1035 (1994), Sanchez and Garcia argue that a valid acceptance of an offer " 'can also request a modification of terms, so long as the additional terms are not conditions of acceptance and the acceptance is unequivocal.' "  But the arbitration agreement between Sanchez, Garcia, and Hanson was an agreement that arbitration would resolve all issues in lieu of proceedings in court.  As in <u>Sea-Van</u>, Allstate's April 6, 2023 e-mail response "clearly altered this term," and there is "no writing which evidences an acceptance on [plaintiffs'] behalf of this change."  125 Wn.2d at 127.  The record does not contain sufficient indication that Allstate and the plaintiffs formed a contract under which Allstate agreed to pay a portion of the arbitrator's fee.[7]

Sanchez and Garcia's second theory of recovery is that Allstate will be unjustly enriched if it is permitted to benefit from the arbitration proceeding but not bear a portion of its cost.  "Unjust enrichment occurs when one retains money or benefits which in justice and equity belong to another."  <u>Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.</u>, 61 Wn. App. 151, 160, 810 P.2d 12 (1991) (emphasis

---

[7] Sanchez and Garcia cite <u>Mendez v. Palm Harbor Homes, Inc.</u>, 111 Wn. App. 446, 463, 45 P.3d 594 (2002) (quoting <u>Phillips v. Associates Home Equity Services, Inc.</u>, 179 F. Supp. 2d 840, 846 (N.D. Ill. 2001)), as supporting a general principle that arbitration expenses " 'are borne equally by the parties, absent some agreement' " between them.  (Internal quotation marks omitted.)  Even if there were law supporting that a party could be bound to a contractual undertaking on such a basis, and Sanchez and Garcia cite none, <u>Mendez</u> supports no such generalization.  <u>Mendez</u> cited <u>Phillips</u> as part of a discussion of when arbitration agreements should not be enforced precisely because requiring parties to bear the cost of arbitration equally might unfairly "trigger[] costs effectively depriving a plaintiff of limited pecuniary means of a forum for vindicating claims."  111 Wn. App. at 464.

omitted). It is "founded on notions of justice and equity." Young v. Young, 164 Wn.2d 477, 486, 191 P.3d 1258 (2008). "A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract." Chandler v. Wash. Toll Bridge Auth., 17 Wn.2d 591, 604, 137 P.2d 97 (1943); cf. RESTATEMENT OF RESTITUTION: QUASI CONTRACTS AND CONSTRUCTIVE TRUSTS § 107(1) (AM. LAW INST. 1937) ("A person of full capacity who, pursuant to a contract with another, . . . has conferred a benefit upon him, is not entitled to compensation therefor other than in accordance with the terms of such bargain, unless the transaction is rescinded for fraud, mistake, duress, undue influence or illegality, or unless the other has failed to perform his part of the bargain."). "In Washington, unjust enrichment, and by extension equitable subrogation, has traditionally been restricted in application to a party who is not acting as a 'volunteer.' " Columbia Cmty. Bank v. Newman Park, LLC, 177 Wn.2d 566, 575, 304 P.3d 472 (2013) (abrogating strict "volunteer" rule as to equitable subrogation in the mortgage priorities context).

Sanchez and Garcia do not cite authority that the litigation expenses they incurred for the arbitration can be viewed as a benefit conferred on Allstate for which it must make restitution. Sanchez and Garcia voluntarily filed the action against Hanson to secure a judgment for their damages against him. In addition to incurring other expenses to pursue their claims against Hanson, which remained at all times disputed thus necessitating litigation, they voluntarily contracted with Hanson to determine their claims by arbitration, without reaching agreement with

Allstate over the terms of its participation, or lack of participation, in arbitration. This does not, without more, indicate that Sanchez's and Garcia's incurring expenses to litigate against Hanson unjustly enriched Allstate.[8]

Affirmed.

_Birk, J._

WE CONCUR:

_Chung, J._          _Mann, J._

---

[8] Allstate acknowledges that the superior court "never ruled on whether Allstate would be bound to the outcome of arbitration," and this issue is not before us.